IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FATIH AYVALI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:23-CV-896-RP |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| DEPARTMENT OF HOMELAND | § | |
| SECURITY, UR M. JADDOU, *Director of U.S.* | § | |
| *Citizenship and Immigration Services*; U.S. | § | |
| Citizenship and Immigration Services, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court is Defendants U.S. Department of Homeland Security, Ur M. Jaddou as

Director of U.S. Citizenship and Immigration Services ("USCIS"), and USCIS's (collectively,

"Defendants") motion to dismiss. (Dkt. 4). Plaintiff Fatih Ayvali ("Plaintiff") filed a response in

opposition, (Dkt. 5), and Defendants filed a reply, (Dkt. 6). Having considered the parties' briefs, the

record, and the relevant law, the Court finds that the motion to dismiss should be granted.

**I. BACKGROUND**

Plaintiff is a resident of El Paso, Texas who filed Form I-589, Application for Asylum and

for Withholding of Removal ("Form I-589"), with USCIS on April 13, 2020. (Compl., Dkt. 1, at 2).

His asylum application is currently pending at USCIS's Houston Asylum Office. (*Id.* at 3). Plaintiff

has an employment authorization document (EAD) that is valid until September 19, 2025. (Mot.,

Dkt. 4, at 10). USCIS asserts that the Houston Asylum Office denied Plaintiff's multiple requests for

expedited adjudication of his Form I-589 because Plaintiff failed to show a sufficiently compelling

humanitarian reason to justify adjudicating his application ahead of other applicants and contrary to

USCIS's standard priority order. (*Id.* at 11). Plaintiff filed his asylum application almost four years ago and has yet to be scheduled for an interview.

Due to the inactivity on his asylum application, Plaintiff filed this lawsuit, seeking an order to compel USCIS to schedule his asylum interview and make a determination on his Form I-589 within 90 days of the interview. (Compl., Dkt. 1, at 5). Plaintiff brings four claims for relief: (1) Defendants have violated his statutory right to apply for asylum under the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1158(a)(1), by failing to schedule his asylum interview within 45 days of his application date; (2) Defendants have unreasonably delayed Plaintiff's asylum interview under the Administrative Procedure Act (the "APA"), 5 U.S.C. § 706(1); (3) Defendants have acted arbitrarily and capriciously under the APA, 5 U.S.C. § 706(2)(A), by creating a system where asylum applicants are indefinitely delayed; and (4) a claim for a writ of mandamus under 28 U.S.C. § 1361. (*Id.* at 4–5). Defendants moved to dismiss Plaintiff's complaint for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6). (Mot., Dkt. 4). Plaintiff filed a response in opposition and requested that the Court convert Defendants' motion to dismiss into a motion for summary judgment because it contains affidavits outside of the pleadings. (Resp., Dkt. 5, at 7–8).

## II. LEGAL STANDARDS

### A. Rule 12(b)(1)

Rule 12(b)(1) allows a party to assert lack of subject-matter jurisdiction as a defense to suit. Fed. R. Civ. P. 12(b)(1). Federal district courts are courts of limited jurisdiction and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court properly dismisses a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The

burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* In ruling on a Rule 12(b)(1) motion, the court may consider any one of the following: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

Courts have a duty to ensure that subject-matter jurisdiction exists. *See Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). When a court discovers that it lacks subject-matter jurisdiction, "sua sponte dismissal is mandatory." *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021).

### B. Rule 12(b)(6)

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the [plaintiffs'] grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to

legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007)). "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant,* 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.,* 563 F.3d 141, 147 (5th Cir. 2009)).

### C. Rule 56

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure only "if the movant shows there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 254 (1986). "A fact issue is 'material' if its resolution could affect the outcome of the action." *Poole v. City of Shreveport,* 691 F.3d 624, 627 (5th Cir. 2012).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "[T]he moving party may [also] meet its burden by simply pointing to an absence of evidence to support the nonmoving party's case." *Boudreaux v. Swift Transp. Co.,* 402 F.3d 536, 544 (5th Cir. 2005). The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 585–87 (1986); *Wise v. E.I. Dupont de Nemours & Co.,* 58 F.3d 193, 195 (5th Cir. 1995). After the nonmovant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for

the nonmovant, summary judgment will be granted. *Miss. River Basin Alliance v. Westphal,* 230 F.3d 170, 175 (5th Cir. 2000). Courts must view the summary judgment evidence in the light most favorable to the nonmovant. *Rosado v. Deters,* 5 F.3d 119, 123 (5th Cir. 1993).

### III. DISCUSSION

Because USCIS has submitted evidence outside the pleadings—declarations by Bryan Hemming, the Acting Director of the Houston Asylum Office, and John Lafferty, the Chief of the Asylum Division within USCIS, (Dkts. 4-1, 4-2)—the Court treats this motion as one for summary judgment. *See* Fed. R. Civ. P. 12(d). However, finding that the Court lacks jurisdiction over all of Plaintiff's claims, the Court will dismiss Plaintiff's complaint without prejudice.

### A. Plaintiff's APA Claims

Plaintiff alleges that Defendants have unreasonably delayed under Section 706(1) of the APA because they have failed to process his Form I-589 for nearly four years. Plaintiff also brings a claim under Section 706(2)(A) of the APA alleging that Defendants have acted arbitrarily and capriciously by creating a system for processing asylum applications where adjudication of asylum applications is indefinitely delayed. (Compl., Dkt. 1, at 4–5).

The APA allows courts to compel agency action when the action is either not completed "within a reasonable time" or is "unreasonably delayed." 5 U.S.C. §§ 555(b), 706(1). However, "'a claim under § 706(1) can proceed only where a plaintiff asserts that an agency [1] failed to take a *discrete* action that [2] it is *required to take.*'" *Li v. Jaddou,* No. 22-50756, 2023 WL 3431237, at *1 (5th Cir. May 12, 2023) (unpublished) (citing *Norton v. S. Utah Wilderness All.,* 542 U.S. 55, 64 (2004) ("*SUWA*")). "A court's authority to compel agency action is limited to instances where an agency ignored 'a specific, unequivocal command' in a federal statute or binding regulation." *Fort Bend Cnty. v. U.S. Army Corps of Eng'rs,* 59 F.4th 180, 197 (5th Cir. 2023) (quoting *SUWA,* 542 U.S. at 63). The APA also probits programmatic challenges seeking "wholesale improvement" of an agency's

programs by court decree, as opposed to changes through Congressional action or the agency itself, where such changes are normally made. *See Ala.-Coushatta Tribe of Tex. v. United States*, 757 F.3d 484, 490 (5th Cir. 2014) (quoting *Sierra Club v. Peterson*, 228 F.3d 559, 566 (5th Cir. 2000) (en banc)); *see also Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871 (1990).

The INA permits any noncitizen "who is physically present in the United States or who arrives in the United States . . . irrespective of . . . status," to apply for asylum. 8 U.S.C. § 1158(a)(1). An asylum applicant must meet the definition of a "refugee" by establishing that they either experienced past persecution or have a well-founded fear of future persecution, on account of race, religion, nationality, membership in a particular social group, or political opinion. *Id.* §§ 1101(a)(42)(A), 1158(b)(1)(B)(i). The applicant also must establish that he or she warrants a favorable exercise of discretion. *Id.* § 1158(b)(1)(A) (providing that the Secretary of Homeland Security "may" grant asylum to a noncitizen who meets the definition of a refugee). The INA directs the Attorney General (now the Secretary of Homeland Security) to establish procedures to conduct an initial interview or hearing on an asylum application within 45 days of the filing of the application, absent exceptional circumstances. *Id.* § 1158(d)(5)(A)(ii). The INA also directs that adjudication of an asylum application be completed within 180 days of its filing, also absent exceptional circumstances. *Id.* § 1158(d)(5)(A)(iii). Section 1158(d)(7), titled "No private right of action," explicitly provides, however, that these interview and adjudication timeframes are aspirational and do not create a right of action enforceable against the federal government.

Here, Plaintiff has not established that USCIS has unreasonably delayed by failing to process his asylum application after nearly four years. He has not established that he possesses a clear right to have his application adjudicated within a certain number of days of filing. Although the INA states that asylum interviews should be conducted within 45 days of the filing of an application and adjudication of applications should be completed within 180 days of filing, the statute also

establishes that these timeframes are aspirational. *See id.* §§ 1158(d)(5)(A)(ii), (iii); 1158(d)(7). This aspirational timeframe is not a "clear mandate" that would indicate that "USCIS was *required* to act within" that timeframe. *See Li v. Jaddou*, 2023 WL 3431237, at \*1 (holding that adjudication of a permanent residency application was not unreasonably delayed where the application had been pending for one year and the statute gave an aspirational timeframe of six months for adjudication). While Defendants acknowledge that they owe Plaintiff a duty to adjudicate his application at some point, (Mot., Dkt. 4, at 14 n.7), Plaintiff is not entitled to relief from this Court to compel USCIS to fulfill this duty on a specific timeline.

Further, Plaintiff's APA claims fail because he fundamentally challenges the way that USCIS adjudicates asylum applications generally, specifically the "First-In-First-Out" scheduling system that USCIS is currently utilizing to prioritize applications. (*See* Compl., Dkt. 1, at 3–4; *see also* Mot., Dkt. 4, at 8–10). This Court lacks authority under § 706(1) of the APA to order USCIS to implement programmatic changes necessary to change the way in which it processes asylum applications. *See Sierra Club v. Peterson*, 228 F.3d at 566–67. "The APA does not give the courts the authority to compel the agency to change the method it uses to schedule and process asylum applications." *Ayana v. Jaddou*, No. CV H-23-2937, 2023 WL 8936700, at \*3 (S.D. Tex. Dec. 27, 2023).

The Court cannot find that Plaintiff's application has been unreasonably delayed under the APA nor that the current system for processing asylum application is arbitrary or capricious. Accordingly, the Court lacks authority to provide Plaintiff relief on his APA claims and thus must dismiss these claims without prejudice.

## B. Plaintiff's Request for a Writ of Mandamus

Plaintiff also alleges that he is entitled to mandamus relief to compel Defendants to schedule his asylum interview and make a determination on his I-589 Form because Defendants owe Plaintiff a non-discretionary duty and have failed to act. (Compl., Dkt. 1, at 4–5). Federal district courts have

jurisdiction of "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. A writ of mandamus is only available if a plaintiff makes three showings: (1) that the plaintiff has a clear right to the relief, (2) that the defendant has a clear duty to perform the act in question, and (3) that "no other adequate remedy is available." *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (citations omitted). Even where these requirements are met, mandamus is considered an extraordinary remedy, and a district court should only choose to exercise jurisdiction as a matter of "sound judicial discretion." *Mustafa v. Pasquerell*, No. SA-05-CA-658-XR, 2006 WL 488399, at *4 (W.D. Tex. Jan. 10, 2006) (quoting *Newsome*, 301 F.3d at 231).

Here, Plaintiff has not met the requirements for a writ of mandamus because he cannot demonstrate a "clear right to relief." Section 208(d)(7) of the INA, 8 U.S.C. § 1158(d)(7), expressly states that no private right of action arises from the aspirational asylum application processing timeframes set forth in the statute. Accordingly, as multiple courts have held, § 1158(d)(7) precludes granting mandamus relief that would compel adjudication of an asylum application within a set period of time. *See, e.g., Ayana v. Jaddou*, 2023 WL 8936700, at *3; *Salar v. U.S. Citizenship & Immig. Servs.*, No. CV 23-1997, 2023 WL 8716579, at *3 (E.D. La. Dec. 18, 2023); *Chen v. Wolf*, No. 19 Civ. 9951 (AJN), 2020 WL 6825681, at *3 (S.D.N.Y. Nov. 20, 2020). For this reason, this Court lacks subject matter jurisdiction over Plaintiff's Mandamus Act claim, and therefore it must be dismissed for lack of jurisdiction.

### C. Plaintiff's INA Claim

Last, Plaintiff asserts that his statutory right to apply for asylum under the INA is being violated by Defendants' failure to fulfill their non-discretionary duty to schedule an asylum interview within 45 days. (Compl., Dkt. 1, at 4). As stated above, however, § 208(d)(7) of the INA explicitly states that nothing in the asylum provisions of the INA creates a private right of action enforceable

against the federal government. *See* 8 U.S.C. § 1158(d)(7). Therefore, this Court has no jurisdiction over Plaintiff's INA claim, and it, too, must be dismissed for lack of subject-matter jurisdiction.

### IV. CONCLUSION

The Court is sympathetic to Plaintiff's frustration with how long his asylum application has sat without any action. However, the Court is also cognizant that this is a frustration shared by many others in a similar position. The authorities that Plaintiff urges this Court to use to order Defendants to move more quickly to schedule his interview and decide his asylum application cannot bring him the relief he seeks. Moving Plaintiff to the front of the line would mean moving others down the line and increasing their wait times. Defendants' thorough explanation of their asylum application review process reveals that USCIS is working to speed up the processing of applications. (*See* Mot., Dkt. 4, at 7–10). While clearly more work and resources are needed to improve the process, both are beyond this Court's power to provide.

Accordingly, **IT IS ORDERED** that Defendants' motion to dismiss, (Dkt. 4), is **GRANTED**. Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

The Court will enter final judgment by separate order.

**SIGNED** on March 27, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE